# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### BLUEFIELD DIVISION

| | |
|---|---|
| **TAMERA HUNTER,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **CIVIL ACTION NO. 1:07-0748** |
| ) | |
| **DEBRA HICKEY,** ) | |
| **Warden, FPC Alderson,** ) | |
| ) | |
| **Defendant.** ) | |

### **PROPOSED FINDINGS AND RECOMMENDATION**

By Order filed on November 19, 2007, Judge T.S. Ellis, United States District Judge for the Eastern District of Virginia, transferred the above matter to this Court. (Document No. 1.) Specifically, the Judge Ellis determined that Plaintiff was asserting that her sentence should be reduced because: "1) Alderson Federal Prison Camp, where she is currently housed, is overcrowded; 2) she has been subjected to various forms of discrimination amounting to cruel and unusual punishment while housed at Alderson; 3) she has not received proper medical care from Alderson medical staff; and 4) the pre-sentence report contained incorrect information." (Id., p. 1.) Based on the foregoing, Judge Ellis transferred Grounds 1 through 3 to this Court for further proceedings.[1] (Id.)

In Plaintiff's letter dated October 26, 2007, Plaintiff alleges that the conditions of confinement at FPC Alderson constitute cruel and unusual punishment in violation of the Eighth

---

[1] Concerning Ground Four, Judge Ellis stated as follows: "In ground 4, defendant argues that her sentence should be reduced because the pre-sentence report was replete with error. If defendant wishes to attack the fairness of her sentence, she may proceed by filing the appropriate pleading. As there is neither good cause nor jurisdiction to do so, defendant's letter request for a reduction in her sentence will be denied." (Document No. 1.)

Amendment.[2] Specifically, Plaintiff states as follows:

(1) <u>Overcrowding of Alderson</u>. Alderson Federal Prison Camp is overcrowded and yet almost everyday more women keep coming in, without anyone leaving. There are so many women here now that the warden has put four (4) sets of bunk beds in each of the very small TV rooms and has set up nine (9) sets of bunk beds in front of the bathrooms and labeled these areas the "Fish Bowls" and "Bus Stops" in all four (4) ranges in which were already overcrowded to begin with. This has not only increased the overcrowding, but has made it a safety issue as well. You yourself, Your Honor, in the meetings that you called in your courtroom with the Governor, Senator and Congressmen, etc., you stated that the federal prisons were and are overcrowded and that something needs to be done to alleviate the situation.

(2) <u>Discrimination</u>. I have been discriminated against every since I have been here at Alderson and will continue to be as long as I remain. I am subjected daily to the preferential treatment given to the women in the drug program and who are housed in the "Range Building," also known as the "B Building." I am housed in the "Valley Building," also known as the "A Building." The "B Building" has proper heat in the winter and air condition in the summer. The "A Building" is not properly heated and has no air conditioning. When the heat was so bad and my migraines were non-stop, I requested to be transferred to the "B Building" for medical reasons, but was told by Ms. A, one of the drug counselors, that the prison receives additional money for the inmates in the drug program so they were only letting women that were going to be in the program in the "B Building" because they have to be "pampered." I believe that BOP policy states that no inmate is to receive special treatment. Clearly, this is not the case here.

I am also discriminated against as there are no programs here available to me to reduce my sentence by up to eighteen months either. The past twenty-two months, I have watched numerous women enter the drug program, laughing all the way through the nine months of the program knowing that they are just doing what they have to so they can get back on the streets and get right back to what they were doing before they got here. I've even had them tell me it's all a big joke. I've watched them leave and then three or four months latter they are back and put back in the program again so they can once again be returned to the streets to start the process all over again.

I am discriminated against because I am neither bisexual or homosexual, which is the normal and accepted lifestyle here. Since I refuse to conform to this lifestyle I have been treated differently by the correctional workers and have been threatened by other inmates. You can not go to the staff when you are threatened

---

[2] Because Plaintiff is acting *pro se*, the documents which she has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

either, as they will let everyone know that you did, and you become an even bigger target for threats and harassments. This is way beyond cruel and unusual punishment.

(3) <u>Improper Medical Care</u>. I am not receiving the proper medical treatment for pre-existing medical conditions, nor for an injury I have received to my back while here. I walk around in constant pain and I'm not able to sleep. I have made numerous requests to have my eyes examined because since I have been here I have never had an eye exam and I already have poor eye sight, which is getting worse. I can barley see even with my glasses and my glasses are breaking. As soon as they break all the way, and I cannot wear them, I won't be able to see anything. As of today's date, I have yet to be scheduled for an eye exam and my glasses are hanging on by a thread.

(Document No. 2, pp. 1 - 2.) Accordingly, Plaintiff requests "a reduction on my three (3) year prison sentence." (<u>Id.</u>, p. 1 and 11.)

## **THE STANDARD**

Pursuant to 28 U.S.C. § 1915A, the Court is required to screen each case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. On screening, the Court must recommend dismissal of the case if the complaint is frivolous, malicious or fails to state a claim upon which relief can be granted. A "frivolous" complaint is one which is based upon an indisputably meritless legal theory. <u>Denton v. Hernandez</u>, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992). A "frivolous" claim lacks "an arguable basis either in law or in fact." <u>Neitzke v. Williams</u>, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831 - 32, 104 L.Ed.2d 338 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." <u>Id.</u>, 490 U.S. at 327, 109 S.Ct. at . A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." <u>Id.</u>, 490 U.S. at 327-28, 109 S.Ct. at 1833. A complaint, therefore, fails to state a claim upon which relief can be granted factually when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle her to relief. With these standards in mind, the Court will assess Plaintiffs' allegations in view of applicable law.

## ANALYSIS

The allegations stated in Plaintiffs' Complaint asserting violations of her constitutional rights are cognizable under Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). A Bivens action is a judicially created damages remedy which is designed to vindicate violations of constitutional rights by federal actors. See Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics, 403 U.S. at 395-97, 91 S.Ct. at 2004-05; See also Carlson v. Green, 446 U.S. 14, 100 S.Ct. 1468, 64 L.Ed.2d 15 (1980)(extending Bivens to Eighth Amendment claims); Davis v. Passman, 442 U.S. 228, 239 n. 18, 99 S.Ct. 2264, 2274 n. 18, 60 L.Ed.2d 846 (1979)(extending Bivens to allow citizen's recovery of damages resulting from a federal agent's violation of the Due Process Clause of the Fifth Amendment.) A Bivens action is the federal counterpart of an action under 42 U.S.C. § 1983. A plaintiff asserting a claim under Bivens must show the violation of a valid constitutional right by a person acting under color of federal law. Under Article III, Section 2 of the Constitution of the United States, the plaintiff "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." Spencer v. Kemna, 523 U.S. 1, 7, 118 S.Ct. 978, 983, 140 L.Ed.2d 43 (1998)(quoting Lewis v. Continental Bank Corp., 494 U.S. 472, 477, 110 S.Ct. 1249, 1253, 108 L.Ed.2d 400 (1990)). This case or controversy requirement means that plaintiff must continue to have a personal stake in the outcome of the civil action when the Complaint is filed and when the case is decided. Id. If at any point in the proceeding there is no actual controversy, the case must be dismissed as moot. Id. When an inmate seeking injunctive relief is released from custody, the inmate no longer maintains a "sufficient interest in the outcome of the requested relief to present a justiciable case or controversy." Ross v. Reed, 719 F.2d 689, 693 (4th Cir. 1983). In general

therefore, claims for injunctive relief become moot when the inmate is no longer incarcerated because the inmate is no longer subjected to the condition of which she complained. Id.

Having examined Plaintiff's Complaint, the Court has determined that Plaintiff challenges the conditions of her confinement at FCP Alderson. Plaintiff's release from custody, however, destroys the "case or controversy" requirement concerning her claims.[3] Plaintiff has requested only injunctive relief: her release from incarceration at FPC Alderson. (Document No. 2.) Thus, Plaintiff's claim for injunctive relief is rendered moot by her release from custody. Because Plaintiff has not made a request for monetary relief, Plaintiff's Complaint in this matter should be summarily dismissed as moot. See Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991)(finding that inmate's transfer or release from confinement does not moot the inmate's claim for monetary damages).

**PROPOSAL AND RECOMMENDATION**

The undersigned therefore hereby respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DENY** Plaintiff's Complaint (Document No. 2.), **DISMISS** this civil action as moot, and remove this matter from the Court's docket.

The Plaintiff is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(e) and 72(b), Federal Rules of Civil Procedure, the Plaintiff shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of this Findings and

---

[3] The Bureau of Prisons' Inmate Locator indicates that Plaintiff was released from custody on August 13, 2008.

Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, District Judge Faber and this Magistrate Judge.

The Clerk of this Court is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same to Plaintiff, who is acting *pro se*.

Date: September 22, 2010.

_R. Clarke VanDervort_
R. Clarke VanDervort
United States Magistrate Judge